IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JESSE ALAN FRANK, | ) | 4:14CV3184 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| MADISON COUNTY SHERIFFS | ) | |
| DEPARTMENT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Jesse Alan Frank ("Plaintiff") filed his Complaint (Filing No. 1) in this matter on September 10, 2014. This court has given Plaintiff leave to proceed in forma pauperis in this matter. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated in the Nebraska State Penitentiary in Lincoln, Nebraska. Plaintiff named the following Defendants: Madison County Sheriff's Department, Captain Kotrous, Sargent Bill Kucera, John and Jane Does 1-20, Officer Blank, Officer Ralph, Officer Fleetwood, Officer Keiser, Officer Hegr, Officer Dittberner, Officer Molden, Officer Volt, Sargent Elznic, and 10-15 John and Jane Doe Employees of Madison County, Nebraska. (Filing No. 1 at CM/ECF pp. 1, 8.)

Plaintiff described a series of events in his Complaint, all of which allegedly occurred while he was housed in the Madison County Jail. First, Plaintiff alleged Kotrous, a Madison County official, informed him Madison County could not afford the cost of Plaintiff's "antipsychotic treatment[] called Invega." (*Id.* at CM/ECF p. 8.) Kotrous gave Plaintiff the option of paying for the medication himself, but would not

allow him to use his debit card because of a jail policy limiting inmates' use of the ATM machine. As a result, Plaintiff did not take Invega from November 15, 2013, to December 4, 2013. Following his release from jail, he suffered a grand mal seizure. A neurologist informed him the seizure was likely "caused by the start-and-stopping of [his] prescribed medication while at the Madison County Jail." (*Id.* at CM/ECF p. 9.)

Second, Plaintiff alleged the following occurred from September 6, 2013, to January 14, 2014:

> Captain[] Kotrous, Officer Blank, Officer Ralph, Officer Fleetwood, Sarge[]nt Bill Kucera, Office Keiser, Officer Hegr, Officer Dittberner, Officer Molden, Officer Volt, Sarge[]nt Elznic and approximately 10 other John and Jane Doe County Employees either individually or in conspiracy with one or more among them, similarly infringed upon or intentionally interfer[]ed with my First Amendment right of requested access to my Christian Bible; they arbitrarily and capriciously interfer[]ed with my Fifth Amendment right of access to the courts; and my right to timely and appropriate Sixth Amendment right to assistance of counsel in the matter of my ongoing criminal case proceedings. As a direct or proximate cause of these abuses I was further victimized by fear, mental anguish and misery while those County Employees exhibited their apparent attitudes of deliberate indifference toward my serious medical and legal needs.

(*Id.* at CM/ECF p. 9.)

Third, Plaintiff alleged that, at some point during his incarceration, unidentified officers housed him in a strip cell for 18 days. (*Id.*) Officers held him in the strip cell for 24-hours per day with no bed and an extremely bright florescent light that was never turned off. Officers did not allow Plaintiff to shower and they forced him to wear a smock. Plaintiff alleged officers justified their actions by falsely alleging he was a danger to himself, but their true motive was to retaliate against him because of his insistence that they provide him "an appointment and proper [and] timely treatment by a qualified medical doctor." (*Id.* at CM/ECF p. 10.)

Fourth, Plaintiff alleged an unidentified officer denied him use of his eyeglasses on January 11, 2014. (*Id.* at CM/ECF p. 10.)

Fifth, Plaintiff alleged during his incarceration he repeatedly asked officers to provide him medical treatment because he felt he was succumbing to a mental breakdown, but they refused to do so. He alleged their refusal was in retaliation for his attempts to "assert and protect [his] rights protected under both the Nebraska and United States Constitution and laws which pertain to them." (*Id.*)

Sixth, Plaintiff alleged Kotrous and other unidentified officers denied him access to the courts in the following manner:

> I assert I was also denied access to the Courts. The first complaint I filed was dismissed due to some technical defficiancy [sic] in the document; The Prosecuter [sic], Joe Smith, informed me at the following court appearance. My Complaint, being over (16) hand written pages and the Sher[]iffs' office denial of these needed resources to complete another complaint. By the defendents [sic] denial specifically Captain Kotrous, of access to paper and writing supplies, this raises the level of negligence to deliberate indif[f]rence. These actions of Captian Kotrous and the other defendents [sic] completely impeded and interfered with my ability to comply with the rules and regulations set forth by the courts. My 2 other attempts were somehow misconstrude [sic] and combined into my criminal case CR13-245. This was the Direct cause and effect of Captian [sic] Kotrous and other defendents [sic] arbitrary denial of meaningful access to the Law Library and its deficiencies.

(*Id.* at CM/ECF pp. 10-11.)

Seventh, Plaintiff alleged officers denied him meaningful access to the law library because "[o]ut of the 130 days detained[,] [he] was allowed aprox. 28 days (1 hour intervals) time of access." (*Id.* at CM/ECF p. 11.) Plaintiff also alleged the law library

3

was deficient because the state statutes were outdated and the library lacked "Shepard's Citations and a typewriter." (*Id.*)

For relief in this matter, Plaintiff seeks five million dollars from Defendants. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

Plaintiff may not use this one lawsuit as a forum to challenge every condition of confinement at the Madison County Jail that caused him grief. On the court's own motion, Plaintiff will be provided with an opportunity to file an amended complaint that

sets forth only clearly related claims that stem from the same basic event or occurrence. Plaintiff should keep the following discussion in mind when drafting his amended complaint.

### A. Rules of Joinder

Federal Rule of Civil Procedure 20 states that multiple defendants may be joined in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or *arising out of the same transaction, occurrence, or series of transactions or occurrences*." Fed. R. Civ. P. 20(a)(2)(A) (emphasis added). In addition, there must be a "question of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2)(B). Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is for the court to "drop a party" or "sever any claim against a party." Fed. R. Civ. P. 21. The court may do so "[o]n motion or on its own." *Id.*

Plaintiff will be required to file an amended complaint that sets forth only related claims that stem from the same basic event or occurrence. Plaintiff is warned that upon screening the amended complaint, the court will consider whether unrelated claims should be severed. If Plaintiff's amended complaint sets forth unrelated claims, and the court decides severance is appropriate, **Plaintiff will be required to prosecute unrelated claims in separate actions and he will be required to pay a separate filing fee for each separate action**.

### B. Rules of Pleading

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan*

*Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)) (internal quotation marks omitted).

Plaintiff described a series of alleged constitutional violations in his Complaint. However, the only time any Defendant, other than Kotrous, is mentioned in the allegations is in the following passage:

> Captain[] Kotrous, Officer Blank, Officer Ralph, Officer Fleetwood, Sarge[]nt Bill Kucera, Office Keiser, Officer Hegr, Officer Dittberner, Officer Molden, Officer Volt, Sarge[]nt Elznic and approximately 10 other John and Jane Doe County Employees either individually or in conspiracy with one or more among them, similarly infringed upon or intentionally interfer[]ed with my First Amendment right of requested access to my Christian Bible; they arbitrarily and capriciously interfer[]ed with my Fifth Amendment right of access to the courts; and my right to timely and appropriate Sixth Amendment right to assistance of counsel in the matter of my ongoing criminal case proceedings. As a direct or proximate cause of these abuses I was further victimized by fear, mental anguish and misery while those County Employees exhibited their apparent attitudes of deliberate indifference toward my serious medical and legal needs.

(Filing No. 1 at CM/ECF p. 9.)

These general allegations concerning Defendants' wrongdoings do not give each Defendant fair notice of the claims against him. In order to ensure a just and fair resolution of this matter, Plaintiff should be mindful to explain in an amended complaint what *each* Defendant did to him, when the Defendant did it, and how the Defendant's actions harmed him.

### C. Claims Against Madison County

Assuming without deciding that Plaintiff has identified potential violations of his constitutional rights, as pled, his Complaint fails as a matter of law. Plaintiff named the

Madison County Sheriff's Office and numerous Madison County employees as Defendants. The court construes a suit against the sheriff's office as being a suit against Madison County. Further, because Plaintiff did not specify the capacity in which he is suing Madison County employees, the court assumes he has sued them in their official capacities only. *See Alexander v. Hedback*, 718 F.3d 762, 766 n. 4 (8th Cir. 2013) ("'This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.'") (quoting *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)). The court construes a suit against Madison County employees in their official capacities as being a suit against Madison County. *See Johnson*, 172 F.3d at 535 ("A suit against a public employee in his or her official capacity is merely a suit against the public employer.").

For these reasons, as pled, Plaintiff's Complaint only asserts claims against Madison County. For a municipality to be found liable under § 1983, "individual liability first must be found on an underlying substantive claim." *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005). A municipality or government entity cannot be held vicariously liable for the actions of one of its agents. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Rather, there must be a showing a governmental employee was acting in accordance with a government policy or custom in order for liability to attach to the municipality under § 1983.

"Official policy involves 'a deliberate choice to follow a course of action made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By and Through Jane Doe B v. Special Sch. Dist. of St. Louis Cnty.*, 901 F.2d 642, 645 (8th Cir. 1990)(quoting *Pembaur v City of Cincinnati*, 475 U.S. 469, 483 (1986)).

In order to establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff has not asked the court to make a finding of individual liability against any Madison County employees—a step necessary for a finding of municipal liability. *See McCoy*, 411 F.3d at 922.  Plaintiff also does not assert that the alleged constitutional violation occurred because county officials were acting in accordance with official government policy or that any individual who carried out the actions against Plaintiff was responsible for establishing an official policy.  In addition, Plaintiff does not allege there was a continuing, widespread, persistent pattern of unconstitutional misconduct by the county or its employees, or that county policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct.  Finally, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, he has failed to allege sufficient facts to "nudge" his claims against the county across the line from conceivable to plausible under the *Jane Doe* standard.

On the court's own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to sufficiently allege a claim against Madison County and name any other proper defendants.

### IV.  STATE LAW CLAIMS

Plaintiff also raised state law claims against Defendants.  Pending amendment of the Complaint as set forth in this Memorandum and Order, the court makes no finding regarding its jurisdiction over any potential state law claims.

### V.  APPOINTMENT OF COUNSEL

Plaintiff seeks the appointment of counsel.  (Filing Nos. 7 and 9.)  The court cannot routinely appoint counsel in civil cases.  In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted).  No such benefit is apparent here.  Thus, the requests for the appointment of counsel will be denied without prejudice to reassertion.

IT IS THEREFORE ORDERED that:

1.     Plaintiff will have 30 days from the date of this Memorandum and Order to file an amended complaint.  As set forth above, Plaintiff's amended complaint must:

   a.     explain what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him; and

      b.    set forth only related claims that stem from the same basic event or occurrence.

      c.    sufficiently allege a claim against Madison County and name any other proper defendants.

In addition, Plaintiff is again warned that if his amended complaint sets forth unrelated claims, and the court decides severance of the claims is appropriate, Plaintiff will be required to prosecute unrelated claims in separate actions and **he will be required to pay a separate filing fee for each separate action**. In addition, Plaintiff is warned that failure to file an amended complaint in accordance with this Memorandum and Order will result in dismissal of this action without further notice.

2.    The clerk's office is directed to set a pro se case management deadline in this case using the following text: January 30, 2015: Check for amended complaint.

3.    In the event Plaintiff files an amended complaint, the court will conduct further review of it in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A.

4.    Plaintiff's requests for the appointment of counsel (Filing Nos. 7 and 9) are denied without prejudice to reassertion.

DATED this 30th day of December, 2014.

                    BY THE COURT:

                    s/ Joseph F. Bataillon
                    Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.